UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| INTERNAL REVENUE SERVICE,<br><br>       Petitioner,<br><br>v.<br><br>OLD GLORY BANK,<br><br>       Respondent,<br><br>v.<br><br>DR. JERRY KIMBLE WILLIAMS JR., an individual,<br><br>       Noticee. | Case No: _____ |

## DR. JERRY KIMBLE WILLIAMS JR.'S PETITION TO QUASH SUMMONS ISSUED TO OLD GLORY BANK

Dr. Jerry Kimble Williams Jr. ("Dr. Williams"), pursuant to the Internal Revenue Manual 25.5.6.6.2, hereby objects to the Third-Party Summons issued to Old Glory Bank by the Internal Revenue Services (the "IRS") for the records related to Dr. Williams. In support of this Petition, Dr. Williams would show the Court the following:

1. After July 31, 2025, Old Glory Bank was served with the attached Third-Party Summons, and Dr. Williams received notice of such within the last 20 days and therefore files this Petition to Quash Summons and wishes to intervene as a Noticee. *See* Summons attached hereto as **Exhibit 1**; *See* 26 U.S.C. § 7609; *See* Internal Revenue Manual 25.5.6.6.2.

2. Venue and jurisdiction are proper in this Court under 26 U.S.C. §7609(h)(1) because the Summoned Party "resides or is found" in this District (Old Glory Bank, 206 S. Main St., Elmore City, Garvin County, Oklahoma 73433).

3. This Petition is timely under 26 U.S.C. §7609(b)(2)(A) and Internal Revenue Manual 25.5.6.6.2. By the close of the 20-day period, Noticee will mail copies of this Petition by certified/registered mail to (i) Old Glory Bank and (ii) the IRS office/employee designated in the notice, as required by the Internal Revenue Manual 25.5.6.6.2, and 26 U.S.C §7609(b)(2)(B).

4. Dr. Williams is a Neurologist trained in child and adult neurology. In addition, Dr. Williams has completed a fellowship in Child Neurology. He has owned 12 Urgent Care Centers.

5. During Covid, Dr. Williams developed a Covid Protocol and treated over 6,000 Covid patients resulting in zero (0) deaths and only five (5) patients being hospitalized.

6. In 2023, Dr. Williams was asked to testify in Congress regarding the Covid epidemic, government interference with the physician/patient relationship, misinformation about the Covid pandemic, as well as government censorship. Congressional members told him that he would be retaliated against by the government.

7. Not long after his testimony, the Internal Revenue Service, without notice, levied a $38 million dollar levy against him and other companies.

8. The Levy was highly improper as Dr. Willams had no ability to earn anywhere near enough money to owe $38 million dollars in taxes.

9. Ultimately, the levy was released after members of a U.S. Congressional Sub-Committee intervened on his behalf. The levy appeared to be in retaliation for his testimony in Congress related to Covid.

10. The IRS then continued its attack against Dr. Williams by asserting that companies he owned did not timely pay all taxes. This issue is heavily disputed by Dr. Williams.

11. The case is part of a Collection Appeal Program ("CAP") where a taxpayer can appeal collection actions.

12. The IRS, in an email dated July 23, 2025, before the Summons, agreed that the enforcement action would be stayed until the CAP hearing was resolved. *See* email attached hereto as **Exhibit No. 2**.

13. In addition to a congressional inquiry on the matter, a CAP hearing began on August 6, 2025, and was abruptly halted when the analyst for the IRS admitted that the IRS transcript was incorrect. The CAP hearing has not yet been resolved. *See* **Exhibit 3**.

14. Since that point in time, proof of payment was submitted again to the IRS for the third time in about 9 months.

15. The IRS has breached its agreement to not pursue collection actions until the CAP hearing is resolved. The present summons is continued harassment and abuse of Dr. Williams by the IRS.

16. The Summons to Old Glory Bank should be quashed due to the actions of the IRS and pursuant to the Internal Revenue Manual. The IRS has clearly breached its agreement not to pursue action against Dr. Willimas while pending the resolution of the CAP action.

WHEREFORE, Petitioner, Dr. Jerry Kimble Williams Jr., requests that this Court (i) quash the IRS third-party summons to Old Glory Bank pursuant to the Internal Revenue Manual, (ii) order Old Glory Bank not to produce any records responsive to the summons, and (iii) award any such other relief that this Court deems just and proper.

Respectfully submitted,

/s/ J. Clay Christensen
———————————————
J. Clay Christensen (OBA #11789)
The Parkway Building
3401 N.W. 63rd Street, Suite 600
Oklahoma City, Oklahoma 73116
Telephone: (405) 232-2020
Facsimile: (405) 228-1115
clay@christensenlawgroup.com
*Attorney for Noticee,*
*Dr. Jerry Kimble Williams Jr.*

## VERIFICATION

I, Dr. Jerry Kimble Williams Jr., do swear that I have reviewed all the foregoing facts, and verify that all facts are true and accurate to the best of my knowledge.

Dated this  8th   day of September 2025.

———————————————
Dr. Jerry Kimble Willaims Jr., Noticee

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of September 2025, I served Dr. Jerry Kimble Williams Jr.'s Petition to Quash the Third-Party Summons issued to Old Glory Bank, by first class U.S. mail, and certified mail, postage prepaid to the following:

Travis Davidson
INTERNAL REVENUE SERVICE
3154 Perimeter Pkwy 30909
Augusta, GA
*Revenue Officer*

Old Glory Bank
PO Box 127
Elmore City, OK 73433

/s/ J. Clay Christensen
———————————————
J. Clay Christensen