



DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE

SMALL BUSINESS/SELF-EMPLOYED DIVISION

OLD GLORY BANK
PO BOX 127
ELMORE CITY, OK 73433

Date: 7/30/2025

---

Today you have been served a summons for records relating to:
**Taxpayer's Name(s)** - JERRY KIMBLE WILLIAMS JR
**Taxpayer's Address** - 1004 MEMORIAL LN
STE 200
SAVANNAH, GA 31410

The following information may assist with the production of the correct records:
**Taxpayer TIN(s)** - 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
  * Please note your response may include but should not be limited to these taxpayer identification numbers.
**Account number(s)** -    Acct # 4000012809 Routing #103113441
  * Please note your response may include but should not be limited to these account numbers.
Please be advised, the summons is seeking only records and can be satisfied by providing those records to the IRS at the specified address by the date specified in the summons.

If you plan to provide summoned records electronically through a secure URL, you may contact me at the following email address: TRAVIS.A.DAVIDSON@IRS.GOV

Thank you for your cooperation.

Internal Revenue Service
Attn: T. DAVIDSON
3154 PERIMETER PKWY
AUGUSTA, GA 309094583

Phone #: (678)200-2505
Fax #: (888)446-4365

Sincerely,

*Travis Davidson*

T. DAVIDSON
REVENUE OFFICER

# Summons

In the matter of  JERRY KIMBLE WILLIAMS JR, 1004 MEMORIAL LN, STE 200, SAVANNAH, GA 31410
Internal Revenue Service (Identify Division)  SMALL BUSINESS/SELF EMPLOYED
Industry/Area (Identify by number or name)  Small Business / Self Employed
Periods:  See Attachment 1 to Summons Form 2039 for Period Information

### The Commissioner of Internal Revenue

To:  OLD GLORY BANK
At:  PO BOX 127,  ELMORE CITY, OK  73433

You are hereby summoned and required to appear before T. DAVIDSON , an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the taxpayer identified above for the periods shown.

The following information regarding any accounts with your bank on which the above taxpayer is named as a depositor is required:

See attachment 1

**Do not write in this space**

### Attestation
I hereby certify that I have examined and compared this copy of the summons with the original and that it is a true and correct copy of the original

| Signature of IRS officer serving the summons | Title |
| --- | --- |
|  | REVENUE OFFICER , 1004881243 |

Business address and telephone number of IRS officer before whom you are to appear:
 3154 PERIMETER PKWY, AUGUSTA,  GA  30909-4583  (678) 200-2505

Place and time for appearance: At PHOENIX BLD 3, STE 122,  3154 PERIMETER PKWY, AUGUSTA, GA 30909-4583
Information may be faxed to (888) 446-4365 or mailed in lieu of personal appearance.

on the  11th day of  August, 2025  at 8:00  o'clock  am.
Issued under authority of the Internal Revenue Code this 30th day of July, 2025

| Signature of issuing officer | Title |
| --- | --- |
| T. DAVIDSON  *Travis Davidson* | REVENUE OFFICER |
| Signature of approving officer (if applicable)  *Kimberly S Floyd* | Title |
|  | GROUP MANAGER |

Form **2039** (Rev. 3-2020)    Catalog Number 21405J         publish.no.irs.gov         Department of the Treasury – Internal Revenue Service
Part A -- to be given to person summoned

# Provisions of Internal Revenue Code

## Sec. 7602. Examination of books and witnesses

(a) Authority to Summon, etc.--For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized--
  (1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry.
  (2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and
  (3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.
(b) Purpose may include inquiry into offense.--The purposes for which the Secretary may take any action described in paragraph (1), (2), or (3) of subsection (a) include the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws.
c) Notice of contact of third parties.
  (1) General notice - An officer or employee of the Internal Revenue Service may not contact any person other than the taxpayer with respect to the determination or collection of the tax liability of such taxpayer unless such contact occurs during a period (not greater than 1 year) which is specified in a notice which--
    (A) informs the taxpayer that contacts with persons other than the taxpayer are intended to be made during such period, and
    (B) except as otherwise provided by the Secretary, is provided to the taxpayer not later than 45 days before the beginning of such period.
  (2) Notice of specific contacts. - The Secretary shall periodically provide to a taxpayer a record of persons contacted during such period by the Secretary with respect to the determination or collection of the tax liability of such taxpayer. Such record shall also be provided upon request of the taxpayer.
  (3) Exceptions. - This subsection shall not apply-
    (A) to any contact which the taxpayer has authorized,
    (B) if the Secretary determines for good cause shown that such notice would jeopardize collection of any tax or such notice may involve reprisal against any person, or
    (C) with respect to any pending criminal investigation.
Nothing in the preceding sentence shall prevent the issuance of notices to the same taxpayer with respect to the same tax liability with periods specified therein that, in the aggregate, exceed 1 year. A notice shall not be issued under this paragraph unless there is an intent at the time such notice is issued to contact persons other than the taxpayer during the period specified in such notice. The preceding sentence shall not prevent the issuance of a notice if the requirement of such sentence is met on the basis of the assumption that the information sought to be obtained by such contact will not be obtained by other means before such contact.
(d) No administrative summons when there is Justice Department referral.
  (1) Limitation of authority.--No summons may be issued under this title, and the Secretary may not begin any action under section 7604 to enforce any summons, with respect to any person if a Justice Department referral is in effect with respect to such person.
  (2) Justice Department referral in effect.--For purposes of this subsection--
    (A) In general.--A Justice Department referral is in effect with respect to any person if--
      (i) the Secretary has recommended to the Attorney General a grand jury investigation of, or the criminal prosecution of, such person for any offense connected with the administration or enforcement of the internal revenue laws, or
      (ii) any request is made under section 6103(h)(3)(B) for the disclosure of any return or return information (within the meaning of section 6103(b)) relating to such person.
    (B) Termination.--A Justice Department referral shall cease to be in effect with respect to a person when--
      (i) the Attorney General notifies the Secretary, in writing, that--
        (I) he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws,
        (II) he will not authorize a grand jury investigation of such person with respect to such an offense, or
        (III) he will discontinue such a grand jury investigation.
      (ii) a final disposition has been made of any criminal proceeding pertaining to the enforcement of the internal revenue laws which was instituted by the Attorney General against such person, or
      (iii) the Attorney General notifies the Secretary, in writing, that he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws relating to the request described in sub paragraph (A)(ii).
  (3) Taxable years, etc., treated separately.--For purposes of this subsection, each taxable period (or, if there is no taxable period, each taxable event) and each tax imposed by a separate chapter of this title shall be treated separately.
(e) Limitation on examination on unreported income.--The Secretary shall not use financial status or economic reality examination techniques to determine the existence of unreported income of any taxpayer unless the Secretary has a reasonable indication that there is a likelihood of such unreported income.
(f) Limitation on access of persons other than Internal Revenue Service officers and employees. The Secretary shall not, under the authority of section 6103(n), provide any books, papers, records, or other data obtained pursuant to this section to any person authorized under section 6103(n), except when such person requires such information for the sole purpose of providing expert evaluation and assistance to the Internal Revenue Service. No person other than an officer or employee of the Internal Revenue Service or the Office of Chief Counsel may, on behalf of the Secretary, question a witness under oath whose testimony was obtained pursuant to this section.

Authority to examine books and witnesses is also provided under sec. 6420(e)(2)--Gasoline used on farms; sec. 6421(g)(2)--Gasoline used for certain nonhighway purposes by local transit systems, or sold for certain exempt purposes; and sec. 6427(j)(2)--Fuels not used for taxable purposes.

## Sec. 7603. Service of summons

(a) In general--A Summons issued under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 shall be served by the Secretary, by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode; and the certificate of service signed by the person serving the summons shall be evidence of the facts it states on the hearing of an application for the enforcement of the summons. When the summons requires the production of books, papers, records or other data, it shall be sufficient if such books, papers, records, or other data are described with reasonable certainty.
(b) Service by mail to third-party recordkeepers.--
  (1) In general.--A summons referred to in subsection (a) for the production of books, papers, records, or other data by a third-party recordkeeper may also be served by certified or registered mail to the last known address of such recordkeeper.
  (2) Third party recordkeeper.--For purposes of paragraph (1), the term *third-party recordkeeper* means--
    (A) any mutual savings bank, cooperative bank, domestic building and loan association, or other savings institution chartered and supervised as a savings and loan or similar association under Federal or State law, any bank (as defined in section 581), or any credit union (within the meaning of section 501(c)(14)(A));
    (B) any consumer reporting agency (as defined under section 603(f) of the Fair Credit Reporting Act (15 U.S.C. 1681 a(f));
    (C) any person extending credit through the use of credit cards or similar devices;
    (D) any broker (as defined in section 3(a)(4) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(4));
    (E) any attorney;
    (F) any accountant;
    (G) any barter exchange (as defined in section 6045(c)(3));
    (H) any regulated investment company (as defined in section 851) and any agent of such regulated investment company when acting as an agent thereof;
    (I) any enrolled agent; and
    (J) any owner or developer of a computer software source code (as defined in section 7612(d)(2)). Subparagraph (J) shall apply only with respect to a summons requiring the production of the source code referred to in subparagraph (J) or the program and data described in section 7612(b)(1)(A)(ii) to which source code relates.

## Sec. 7604. Enforcement of summons

(a) Jurisdiction of District Court. --If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data.
(b) Enforcement.--Whenever any person summoned under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the Secretary may apply to the judge of the district court or to a United States Commissioner for the district within which the person so summoned resides or is found for an attachment against him as for a contempt, it shall be the duty of the judge or Commissioner to hear the application, and, if satisfactory proof is made, to issue an attachment, directed to some proper officer, for the arrest of such person, and upon his being brought before him to proceed to a hearing of the case; and upon such hearing the judge or the United States Commissioner shall have power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempt, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience.

## Sec. 7605. Time and place of examination

(a) Time and place.--The time and place of examination pursuant to the provisions of section 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 shall be such time and place as may be fixed by the Secretary and as are reasonable under the circumstances. In the case of a summons under authority of paragraph (2) of section 7602, or under the corresponding authority of section 6420(e)(2), 6421(g)(2), or 6427(j)(2), the date fixed for appearance before the Secretary shall not be less than 10 days from the date of the summons.

## Sec. 7610. Fees and costs for witnesses

(a) In general.--The Secretary shall by regulations establish the rates and conditions under which payment may be made of--
  (1) fees and mileage to persons who are summoned to appear before the Secretary, and
  (2) reimbursement for such costs that are reasonably necessary which have been directly incurred in searching for, reproducing, or transporting books, papers, records, or other data required to be produced by summons.
(b) Exceptions.--No payment may be made under paragraph (2) of subsection (a) if-
  (1) the person with respect to whose liability the summons is issued has a proprietary interest in the books, papers, records or other data required to be produced, or
  (2) the person summoned is the person with respect to whose liability the summons is issued or an officer, employee, agent, accountant, or attorney of such person who, at the time the summons is served, is acting as such.
(c) Summons to which section applies.--This section applies with respect to any summons authorized under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602.

## Sec. 7210. Failure to obey summons

Any person who, being duly summoned to appear to testify, or to appear and produce books, accounts, records, memoranda, or other papers, as required under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), 7602, 7603 and 7604(b), neglects to appear or to produce such books, accounts, records, memoranda, or other papers, shall, upon conviction thereof, be fined not more than $1,000, or imprisoned not more than 1 year, or both, together with costs of prosecution.

# Certificate of Service of Summons
(Pursuant to section 7603, Internal Revenue Code)

I certify that I served the summons shown on the front of this form on:

| Date | Time |
|---|---|
| 08/01/2025 | 01:30 pm |

## How Summons Was Served

- [ ] 1. I certify that I handed a copy of the summons, which contained the attestation required by § 7603, to the person to whom it was directed
- [ ] 2. I certify that I left a copy of the summons, which contained the attestation required by § 7603, at the last and usual place of abode of the person to whom it was directed. I left the copy with the following person *(if any)*_____
- [X] 3. I certify that I sent a copy of the summons, which contained the attestation required by § 7603, by certified or registered mail to the last known address of the person to whom it was directed, that person being a third-party recordkeeper within the meaning of § 7603(b). I sent the summons to the following address_____
- [ ] 4. I certify that I served a copy of the summons, which contained the attestation required by § 7603, by a method not listed above that is in conformity with established IRS procedures to the person to whom it was directed and with the consent of the witness, *(e.g. facsimile transmission)*

| Signature | Title |
|---|---|
| *Travis Davidson* | Revenue Officer |

5. This certificate is made to show compliance with IRC Section 7609. This certificate does not apply to summonses that are excepted from the third-party notice requirement of IRC Section 7609.

I certify that, within 3 days of serving the summons, I gave notice (Part D of Form 6639) to the person named below on the date and in the manner indicated.

| Date of giving notice | Time |
|---|---|
| | |

Name of noticee        Note: "UNDER IRC 7609 (c) (2)(D), THIS SUMMONS IS EXEMPT FROM THE NOTICE REQUIREMENTS PERTAINING TO THIRD PARTY SUMMONSES."

Address of noticee *(if mailed)*

## How Notice Was Given

- [ ] I gave notice by certified or registered mail to the last known address of the noticee
- [ ] I left the notice at the last and usual place of abode of the noticee. I left the copy with the following person *(if any)*
- [ ] I gave notice by handing it to the noticee
- [ ] In the absence of a last known address of the noticee, I left the notice with the person summoned
- [ ] No notice required

| Signature | Title |
|---|---|
| | |

I certify that the period prescribed for beginning a proceeding to quash this summons has expired and that no such proceeding was instituted or that the noticee consents to the examination.

| Signature | Title |
|---|---|
| | |

# Notice to Third Party Recipient of IRS Summons

As a third-party recipient of a summons, you may be entitled to receive payment for certain costs directly incurred which are reasonably necessary to search for, reproduce or transport records in order to comply with a summons.

This payment is made only at the rates established by the Internal Revenue Service to certain persons served with a summons to produce records or information in which the taxpayer does not have an ownership interest. The taxpayer to whose liability the summons relates and the taxpayer's officer, employee, agent, accountant, or attorney are not entitled to this payment. No payment will be made for any costs which you have charged or billed to other persons.

The rate for search costs is limited to the total amount of personnel time spent in locating and retrieving documents or information requested by the summons. Specific salaries of such persons may not be included in search costs. In addition, search costs do not include salaries, fees, or similar costs for analysis of material or for managerial or legal advice, expertise, research, or time spent for any of these activities. If itemized separately, search costs may include the actual costs of extracting information stored by computer in the format in which it is normally produced, based on computer time and necessary supplies; however, time for computer search may be paid.

Rates for reproduction costs for making copies or duplicates of summoned documents, transcripts, and other similar material may be paid at the allowed rates. Photographs, films, and other material are reimbursed at cost.

The rate for transportation costs is the same as the actual cost necessary to transport personnel to locate and retrieve summoned records or information, or costs incurred solely by the need to transport the summoned material to the place of examination.

In addition to payment for search, reproduction, and transportation costs, persons who appear before an Internal Revenue Service officer in response to a summons may request payment for authorized witness fees and mileage fees. You may make this request by contacting the Internal Revenue Service officer or by claiming these costs separately on the itemized bill or invoice as explained below.

## Instructions for requesting payment

After the summons is served, you should keep an accurate record of personnel search time, computer costs, number of reproductions made, and transportation costs. Upon satisfactory compliance, you may submit an itemized bill or invoice to the Internal Revenue Service officer before whom you were summoned to appear, either in person or by mail to the address furnished by the Internal Revenue Service officer. Please write on the itemized bill or invoice the name of the taxpayer to whose liability the summons relates.

If you wish, Form 6863, Invoice and Authorization for Payment of Administrative Summons Expenses, may be used to request payment for search, reproduction, and transportation costs. Standard Form 1157, Claims for Witness Attendance Fees, Travel, and Miscellaneous Expenses, may be used to request payment for authorized witness fees and mileage fees. These forms are available from the Internal Revenue Service officer who issued the summons.

If you have any questions about the payment, please contact the Internal Revenue Service officer before whom you were summoned to appear.

Anyone submitting false claims for payment is subject to possible criminal prosecution.

# Attachment 1 to Summons Form 2039

In the matter of **JERRY KIMBLE WILLIAMS JR**

Period information:
Form 1040 for the calendar periods ending December 31, 2009, December 31, 2018, December 31, 2021 and December 31, 2023 and Form CIVPEN for the quarterly periods ending December 31, 2017, September 30, 2020, September 30, 2022, December 31, 2022, March 31, 2023, June 30, 2023, September 30, 2023 and December 31, 2023

Please provide the following items as they pertain to the above-named taxpayer and any accounts which he/she may have signature and/or negotiating authority. ***Please provide the following records for the timeframe 1/1/2024 through date of compliance with summons.***
1. Bank signature cards
2. Monthly bank statements
3. Deposit tickets & copies of checks for single items of $1,000.00 or greater
4. Cancelled checks of $1000.00 or greater
5. Debit and credit memos
6. Cashier's checks and applications
7. Money orders
8. Foreign and domestic letters of credit and wires of funds along with related documents disclosing source of funds and, for wires of funds, the destination of the funds along with any related correspondence
9. Agency agreements and correspondence
10. Closing transaction on the account (check, money order, wire transfer, etc. regardless of amount)
11. Copies of all deposit sources to include online transfers and ACH direct payments and any other deposit item.
12. Copies of all cash app transactions such as but not limited to Venmo, Paypal, Google Pay, Square Cash, Zelle.

Personal appearance is not required if the requested records are received by mail by the date specified in the summons.
*If available, send documentation with searchable PDF formatting.

Note: "UNDER IRC 7609 (c ) (2)(D), THIS SUMMONS IS EXEMPT FROM THE NOTICE REQUIREMENTS PERTAINING TO THIRD PARTY SUMMONSES."

"I hereby certify that I have examined and compared this copy of the summons with the original and that it is a true and correct copy of the original."
    T. Davidson, Revenue Officer

## Sec. 7609. Special procedures for third-party summons

(a) Notice--

(1) In general.--If any summons to which this section applies requires the giving of testimony on or relating to, the production of any portion of records made or kept on or relating to, or the production of any computer software source code (as defined in 7612(d)(2)) with respect to, any person (other than the person summoned) who is identified in the summons, then notice of the summons shall be given to any person so identified within 3 days of the day on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined. Such notice shall be accompanied by a copy of the summons which has been served and shall contain an explanation of the right under subsection (b)(2) to bring a proceeding to quash the summons.

(2) Sufficiency of notice.--Such notice shall be sufficient if, on or before such third day, such notice is served in the manner provided in section 7603 (relating to service of summons) upon the person entitled to notice, or is mailed by certified or registered mail to the last known address of such person, or, in the absence of a last known address, is left with the person summoned. If such notice is mailed, it shall be sufficient if mailed to the last known address of the person entitled to notice or, in the case of notice to the Secretary under section 6903 of the existence of a fiduciary relationship, to the last known address of the fiduciary of such person, even if such person or fiduciary is then deceased, under a legal disability, or no longer in existence.

(3) Nature of summons.--Any summons to which this subsection applies (and any summons in aid of collection described in subsection (c)(2)(D)) shall identify the taxpayer to whom the summons relates or the other person to whom the records pertain and shall provide such other information as will enable the person summoned to locate the records required under the summons.

(b) Right to intervene; right to proceeding to quash.--

(1) Intervention.--Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right intervene in any proceeding with respect to the enforcement of such summons under section 7604.

(2) Proceeding to quash.--

(A) In general.--Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2). In any such proceeding, the Secretary may seek to compel compliance with the summons.

(B) Requirement of notice to person summoned and to Secretary.--If any person begins a proceeding under subparagraph (A) with respect to any summons, not later than the close of the 20-day period referred to in subparagraph (A) such person shall mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice referred to in subsection (a)(1).

(C) Intervention, etc.--Notwithstanding any other law or rule of law, the person summoned shall have the right to intervene in any proceeding under subparagraph (A). Such person shall be bound by the decision in such proceeding (whether or not the person intervenes in such proceeding).

(c) Summons to which section applies.--

(1) In general.--Except as provided in paragraph (2), this section shall apply to any summons issued under paragraph (2) of section 7602(a) or under sections 6420(e)(2), 6421(g)(2), 6427(j)(2) or 7612.

(2) Exceptions.--This section shall not apply to any summons

(A) served on the person with respect to whose liability the summons is issued, or any officer or employee of such person;

(B) issued to determine whether or not records of the business transaction or affairs of an identified person have been made or kept;

(C) issued solely to determine the identity of any person having a numbered account (or similar arrangement) with a bank or other institution described in section 7603(b)(2)(A);

(D) issued in aid of the collection of--

(i) an assessment made or judgment rendered against the person with respect to whose liability the summons is issued, or

(ii) the liability at law or in equity of any transferee or fiduciary of any person referred to in clause (i).

(E)-- (i) issued by a criminal investigator of the Internal Revenue Service in connection with the investigation of an offense connected with the administration or enforcement of the internal revenue laws, and

(ii) served on a person who is not a third-party recordkeeper (as defined in section 7603(b)), or

(F) described in subsection (f) or (g).

(3) Records.-- For purposes of this section, the term records includes books, papers, and other data.

(d) Restriction on examination of records.--No examination of any records required to be produced under a summons as to which notice is required under subsection (a) may be made--

(1) before the close of the 23rd day after the day notice with respect to the summons is given in the manner provided in subsection (a)(2), or

(2) where a proceeding under subsection (b)(2)(A) was begun within the 20-day period referred to in such subsection and the requirements of subsection (b)(2)(B) have been met, except in accordance with an order of the court having jurisdiction of such proceeding or with the consent of the person beginning the proceeding to quash.

(e) Suspension of Statute of Limitations.--

(1) Subsection (b) action.--If any person takes any action as provided in subsection (b) and such person is the person with respect to whose liability the summons is issued (or is the agent, nominee, or other person acting under the direction or control of such person), then the running of any period of limitations under section 6501 (relating to the assessment and collection of tax) or under section 6531 (relating to criminal prosecutions) with respect to such person shall be suspended for the period during which a proceeding, and appeals therein, with respect to the enforcement of such summons is pending.

(2) Suspension after 6 months of service of summons.--In the absence of the resolution of the summoned party's response to the summons, the running of any period of limitations under section 6501 or under section 6531 with respect to any person with respect to whose liability the summons is issued (other than a person taking action as provided in subsection (b)) shall be suspended for the period--

(A) beginning on the date which is 6 months after the service of such summons, and

(B) ending with the final resolution of such response.

(f) Additional requirements in the case of a John Doe summons.--

Any summons described in subsection (c)(1) which does not identify the person with respect to whose liability the summons is issued may be served only after a court proceeding in which the Secretary establishes that--

(1) the summons relates to the investigation of a particular person or ascertainable group or class of persons,

(2) there is a reasonable basis for believing that such person or group or class of persons may fail or may have failed to comply with any provision of any internal revenue law, and

(3) the information sought to be obtained from the examination of the records or testimony (and the identity of the person or persons with respect to whose liability the summons is issued) is not readily available from other sources.

(g) Special exception for certain summonses.--

A summons is described in this subsection if, upon petition by the Secretary, the court determines, on the basis of the facts and circumstances alleged, that there is reasonable cause to believe the giving of notice may lead to attempts to conceal, destroy, or alter records relevant to the examination, to prevent the communication of information from other persons through intimidation, bribery, or collusion, or to flee to avoid prosecution, testifying, or production of records.

(h) Jurisdiction of district court; etc.--

(1) Jurisdiction.--The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceedings brought under subsection (b)(2), (f), or (g). An order denying the petition shall be deemed a final order which may be appealed.

(2) Special rule for proceedings under subsections (f) and (g).--The determinations required to be made under subsections (f) and (g) shall be made ex parte and shall be made solely on the petition and supporting affidavits.

(i) Duty of summoned party.--

(1) Recordkeeper must assemble records and be prepared to produce records. On receipt of a summons to which this section applies for the production of records, the summoned party shall proceed to assemble the records requested, or such portion thereof as the Secretary may prescribe, and shall be prepared to produce the records pursuant to the summons on the day on which the records are to be examined.

(2) Secretary may give summoned party certificate.--The Secretary may issue a certificate to the summoned party that the period prescribed for beginning a proceeding to quash a summons has expired and that no such proceeding began within such period, or that the taxpayer consents to the examination.

(3) Protection for summoned party who discloses.--Any summoned party, or agent or employee thereof, making a disclosure of records or testimony pursuant to this section in good faith reliance on the certificate of the Secretary or an order of a court requiring production of records or the giving of such testimony shall not be liable to any customer or other person for such disclosure.

(4) Notice of suspension of statute of limitations in the case of a John Doe summons.--In the case of a summons described in subsection (f) with respect to which any period of limitations has been suspended under subsection (e)(2), the summoned party shall provide notice of such suspension to any person described in subsection (f).

(j) Use of summons not required.--

Nothing in this section shall be construed to limit the Secretary's ability to obtain information, other than by summons, through formal or informal procedures authorized by section 7601 and 7602.

## Instructions For Using Form 6863 — Invoice and Authorization For Payment of Administrative Summons Expenses

As a third-party recipient of a summons, you may be entitled to receive payment for certain costs directly incurred which are reasonably necessary to search for, reproduce, or transport records in order to comply with a summons.

This payment is made only at the rates established by Treasury Regulations to certain persons served with a summons to produce records or information in which the taxpayer does not have an ownership interest. The taxpayer to whose liability the summons relates, the taxpayer's officer, employee, agent, accountant, or attorney, are not entitled to this payment. No payment will be made for any costs which you have charged or billed to other persons.

When you are notified that the summons has been satisfactorily complied with, you may submit the original itemized invoice to the Internal Revenue Service officer before whom you were summoned to appear, either in person or by mail, to the address furnished by the Internal Revenue Service. Please write on the itemized invoice the name of the taxpayer to whom the liability the summons relates. Also keep a copy of the itemized invoice for your records.

If you have any questions about the payment, please contact the Internal Revenue Service officer before whom you were summoned to appear. Anyone submitting false claims for payment is subject to possible criminal prosecution.

### Instructions

**Section A – Invoice** *(to be completed by the third party recipient of a summons).* The information must be typed or printed legibly in ink.

**Note to Payee:** Failure to complete Section A in its entirety may result in payment delays. If items are missing, your invoice will be returned to you for completion. A revised invoice must be resubmitted to IRS agent/officer for payment.

1. **Payee's Invoice Notice:** Self-Explanatory – Your assigned invoice number

2. **Payee's Federal Tax ID** *(e.g. TIN or EIN)* – to whom payment should be issued.

   *(Items 1 & 2 are required for payment under 5CFR Part 1315.)*

3. **Name and Address of Payee:** Provide your complete name and address.

4. **Name & Address of Taxpayer to Whose Liability the Summons Relates:** Self Explanatory

5. **Payment Method:** Required for EFT *(electronic fund transfer)* direct deposit per Debt Collection & Improvement Act.

6. **Service/Financial Records Provided**

   **Reproduction:**

   **6a.** The rate for reproduction costs for making copies of summoned documents, transcripts, and other similar material is 20 cents per page.

   **6b.** Storage media will be reimbursed at the actual cost.

   **Search and Processing:**

   **6c.** The rate for search costs is limited to the total amount of personnel time spent in locating and retrieving documents or information requested by the summons. Search and processing costs may include the actual cost of extracting electronically stored records, based on computer time and necessary supplies. Specific salaries of such persons may not be included in search costs. In addition, search costs do not include salaries, fees, or similar costs for analysis of material or for legal advice, expertise, research, or time spent for any of these activities. Show number of hours claimed.

   **6d.** The rate for transportation costs is the same as the actual cost necessary to transport personnel to locate and retrieve summoned records or information, or costs incurred solely by the need to transport the summoned material to the place of examination. Show details of amount claimed.

7 - 11. Self Explanatory

In addition to payment for search, reproduction, and transportation costs, persons who appear before an Internal Revenue Service officer in response to a summons may request payment for authorized witness mileage fees. You may make this request by contacting the Internal Revenue Service officer or by claiming these costs separately in block 6d. Show details for amount claimed.

**Section B – Authorization and Certification** - will be completed by IRS.

| Form **6863** (Rev. 4-2014) | Department of the Treasury - Internal Revenue Service<br>**Invoice and Authorization for Payment of Administrative Summons Expenses** |
|---|---|

**Section A – Invoice** (Items 1 – 11 must be completed by payee)
**IMPORTANT: Failure to complete each field in Section A may result in payment delays.**

1. Payee's Invoice No.*

2. Payee's Federal Tax ID:*

| 3. Name and address of payee*<br>OLD GLORY BANK<br>PO BOX 127<br>ELMORE CITY, OK 73433 | 4. Name and address of taxpayer to whose liability the summons relates*<br>JERRY KIMBLE WILLIAMS JR<br>1004 MEMORIAL LN<br>STE 200<br>SAVANNAH, GA 31410 |
|---|---|

5. Payment method:

Remittance should be made by EFT (electronic funds transfer) to the following account:

☐ Checking     ☐ Savings     ☐ General ledger

*IRS Agent/Officer: Do not hold form 6863 trying to obtain or clarify information for Item 5. Beckley Finance Center will pursue any needed information from the payee and return the invoice to the payee if necessary.*

ABA Routing # _____     Account # _____

**NOTE:** If receipt of payment via EFT creates a hardship and you are a sole proprietor, please contact the Beckley Finance Center at (304) 254-3300 and ask to speak with a Summons Technician.

**Service/Financial Records Provided**

6. Reproduction
   a. Photocopies or paper copies of microfiche (per frame)*: _____ documents at $0.20 per page    a.
   b. Storage media (compact disk, flash drives, etc): Actual cost*    b.

Search and processing
   c. Clerical/technical:* _____ hours at $8.50 per hour    c.
   d. Other costs (including transportation) - please specify:*    d.

I certify that this invoice, and any information therein, is true and correct to the best of my knowledge and belief, and that payment has not been received for the above services.     **Total Amount Claimed    6e.**

7. Printed name of financial institution official or payee*     8a. Title*     8b. Business email address*

9. Signature of financial institution official or payee. Handwritten or electronic signature accepted*     10. Date Signed*     11. Telephone number*

* Indicates a required field

**Section B – Authorization and Certification**
(Section B below for IRS use only)

12. Date summons Issued:* **07/30/2025**     15. Total amount claimed* _____
13. Date complied with:* _____     16a. Disallowance (if any)* _____
14. Date invoice received:* _____     16b. Disallowance reason*: _____
                                                         17. Amount to payee:* _____

18. Accounting Classification: (For questions, contact your Budget Office)

Requisition #* _____  OR  Cost Center* **S42B555**  AND  Functional Area:* **7D**

I certify that the articles and services listed were received and that claims for excessive and unauthorized amounts have been disallowed for payment to the requestor.

| 19. Printed name of IRS Representative*<br>T. DAVIDSON | 20. Title*<br>REVENUE OFFICER | 21. Telephone Number*<br>(678)200-2505 |
|---|---|---|
| 22. Signature of IRS Representative* | | 23. Date Signed* |

Payment is approved and it is within my delegated authority to approve payment of this invoice.

| 24. Printed name of IRS Representative*<br>VACANT | 25. Title*<br>MANAGER | 26. Telephone Number*<br>(678)627-4741 |
|---|---|---|
| 27. Signature of IRS Representative* | 28. Date Signed* | 29. Submitted by: ☐ Fax  ☐ Email  ☐ Mail<br>30. Date submitted to Beckley:* |

Catalog no. 25140B     www.irs.gov     (Prior revisions are obsolete)     Form **6863** (Rev. 4-2014)