IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

JERRY KIMBLE WILLIAMS,                )
                                      )
        Petitioner,                   )
                                      )
v.                                    )        Case No. MC-25-4-SLP
                                      )
INTERNAL REVENUE SERVICE,             )
                                      )
        Respondent.                   )

**O R D E R**

Before the Court is Petitioner Jerry Kimble Williams' Petition to Quash Summons Issued to Old Glory Bank [Doc No. 1] as well as Respondent Internal Revenue Service's Motion to Dismiss Petition to Quash IRS Summons and Brief in Support [Doc. No. 6]. For the reasons that follow, Petitioner's Motion to Quash is DENIED with prejudice and Respondent's Motion to Dismiss is GRANTED.

I.      **Introduction**

This matter arises from a Third-Party Summons issued to Old Glory Bank (the Bank) by the Internal Revenue Service (IRS) on or around July 31, 2025. In the summons, the IRS requests that the Bank appear in front of an officer of the IRS, "to give testimony. . . or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the taxpayer identified above for the periods shown" [Doc. No. 1-1]. Petitioner moves to quash the summons pursuant to the Internal Revenue Manual which grants a noticee the right to file a petition to "prevent summons compliance by the third party. . ." Internal Revenue Manual 25.5.6.6.2.

According to Respondent, however, pursuant to 26 U.S.C. § 7609, this Court lacks subject-matter jurisdiction to consider the Petition because "the summons was issued in aid of collection of liabilities that the IRS has already assessed." [Doc. No. 6, ¶ 2].

## II.     Analysis

"Congress has granted the [IRS] broad latitude to issue summonses." *United States v. Clarke*, 573 U.S. 248, 250 (2014).  But Congress has imposed certain safeguards given the breadth of its power.  For instance, the IRS must generally give "notice of the summons" to "any person . . . identified in the summons," and anyone entitled to notice can bring a motion to quash. 26 U.S.C. §§ 7609(a)(1) & (b)(2)(A).  The Internal Revenue Code provides district courts with "jurisdiction to hear and determine any proceeding" concerning a motion to quash. *Id.* § 7609(h)(1).  But the IRS need not provide notice to a person identified in the summons if the summons is "issued in aid of the collection of . . . an assessment made or judgment rendered against the person with respect to whose liability the summons is issued." *Id.* § 7609(c)(2)(D)(i); *see also Maehr v. Comm'r*, 641 F. App'x 813, 815 (10th Cir. 2016).  In other words, when summons is issued in the aid of collection, no notice of summons is required, and this court lacks jurisdiction to consider a motion to quash.

Here, the summons was issued in aid of collection, eliminating the notice requirement and stripping this Court of jurisdiction.  In its summons, the IRS states the following: "UNDER IRC 7609(C)(2)(D), THIS SUMMONS IS EXEMPT FROM THE NOTICE REQUIREMENTS PERTAINING TO THIRD PARTY SUMMONSES." [Doc No. 1-1].  This statement confirms the IRS' purpose in issuing the summons was to, at least

in part, aid in collection. *See Pflum v. United States*, 125 F.3d 862 (Table), 1997 WL 606909, at *3 (10th Cir. 1997) ("the existence of other forms upon which the IRS can issue a summons does not change the fact that the summons issued here includes, as one of its purposes, aid in the collection of an assessed tax liability").

Further, in his Motion, Petitioner states that the IRS "levied a 38 million levy against him and other companies" [Doc No. 1, ¶ 8]. Petitioner goes on to claim that the levy was released, but that the IRS later asserted that companies he owned "did not timely pay all taxes." [Doc No. 1, ¶¶ 9 & 10]. Petitioner further claims that the case is part of a "Collection Appeal Program ("CAP") where a taxpayer can appeal *collection actions*." [Doc. No. 1, ¶ 11] (emphasis added). Petitioner claims that "the IRS, in an email dated July 23, 2025, before the Summons, agreed that the enforcement action would be stayed until the CAP hearing was resolved," and that because the IRS "breached its agreement to not pursue collection actions until the CAP hearing is resolved," the summons should be quashed. [Doc No. 1, ¶¶ 12 & 15]. Petitioner's own assertions in the Motion lead the Court to believe that the summons issued to the Bank was in aid of collecting a tax debt pursuant to an assessment made or judgment rendered.

IT IS THEREFORE ORDERED that Petitioner Jerry Kimble Williams' Petition to Quash Summons Issued to Old Glory Bank [Doc. No. 1] is DENIED with prejudice, and that Respondent Internal Revenue Service's Motion to Dismiss Petition to Quash IRS Summons and Brief in Support [Doc. No. 6] is GRANTED.[1]

---

[1] The Court does not deem it necessary to address the issue of service of process.

IT IS SO ORDERED this 6th day of May, 2026.

SCOTT L. PALK
CHIEF UNITED STATES DISTRICT JUDGE